UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WOODRUFF & SONS, INC.,

    Plaintiff,

v.                                        Case No. 8:12-cv-181-T-24-MAP

CENTRAL MUTUAL INSURANCE CO.,
and HARBOR BAY COMMUNITY
DEVELOPMENT DISTRICT,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on the parties' Joint Motion to Stay (Doc. No. 5). For the following reasons, the motion is GRANTED in part and DENIED in part.

Plaintiff Woodruff & Sons, Inc. ("Woodruff") filed a state court action for declaratory relief against Defendant Central Mutual Insurance Co. ("Central Mutual"), which Central Mutual timely removed to this Court. (Doc. No. 1.) In its complaint, Woodruff seeks a declaration as to Central Mutual's obligations to defend and to indemnify Woodruff in an underlying state court action by Defendant Harbor Bay Community Development District ("Harbor Bay"). (Doc. No. 2.) The parties filed a Joint Motion to Stay this case on February 10, 2012, in which they explain that the trial date for the underlying lawsuit "has been continued to an undetermined date in the future." (Doc. No. 5 at 2.) Furthermore, "[i]n light of the continuance of the Underlying Lawsuit, the parties to this action agree that the defense and indemnity issues are not ripe for this Court's consideration and that this action should be stayed pending the outcome of the Underlying Lawsuit . . . ." (Doc. No. 5 at 3.)

Because the parties' motion called into doubt the ripeness of this action, and by extension this Court's subject matter jurisdiction, the Court directed the parties to notify it why this case should not be dismissed without prejudice. (Doc. No. 6). Woodruff responded that, should the Court decide not to stay the action, the Court should relinquish jurisdiction over this matter and remand it to state court for resolution, in accordance with its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. No. 7). Harbor Bay echoed Woodruff's position and joined in its request for remand. (Doc. No. 9). However, Central Mutual asked the Court to grant the motion to stay, or in the alternative, to dismiss the action without prejudice. (Doc. No. 8). Central Mutual objected to a remand in this case, and it explained that if the matter were to proceed without a stay, it would seek dismissal on multiple grounds.

With respect to Woodruff's allegations regarding Central Mutual's duty to defend, this Court concludes that a stay is inappropriate. "It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." Jones v. Fla. Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 442–43 (Fla. 2005) (per curiam). Therefore, an insurer's duty to defend is determined solely by the allegations in the complaint, and an action to determine that duty ripens when the complaint is filed. See id. at 443.

However, as to Woodruff's allegations regarding Central Mutual's duty to indemnify, this Court concludes that a stay is warranted.

> "[B]ecause an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." Northland Casualty Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (multiple citations omitted). To that end, "an insurer's duty to indemnify is not ripe for adjudication in a

> declaratory judgment action until the insured is in fact held liable in the underlying suit." Smithers Const., Inc. v. Bituminous Cas. Corp., 563 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008) (multiple citations omitted).

Amer. Nat'l Fire Ins. Co. v. M/V Seaboard Victory, No. 08-21811-CIV, 2009 WL 812024, at *1 (S.D. Fla. March 17, 2009). There has been no final determination of Woodruff's liability in the underlying state court action; therefore, Central Mutual's duty to indemnify Woodruff is not yet ripe for consideration, and a stay is appropriate with respect to that issue. See id., at *1–2.

If it is determined that Central Mutual has no duty to defend Woodruff, there would be no corresponding duty to indemnify. See N. Assurance Co. of Amer. v. Custom Docks by Seamaster, Inc., No. 10-cv-1869, 2011 WL 117046, at *2 (M.D. Fla. Jan. 13, 2011) (citing WellCare of Fla., Inc. v. Amer. Int'l Specialty Lines Ins. Co., 16 So. 3d 904, 907 (Fla. 2d DCA 2009); Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So. 2d 419, 422 (Fla. 3d DCA 1995)). Consequently, Woodruff's request for a declaration as to Central Mutual's duty to indemnify must be stayed until (1) there has been a determination that Central Mutual has no duty to defend the state court action; or (2) the state court action has concluded. See id.

Accordingly, it is ORDERED AND ADJUDGED that the parties' Joint Motion to Stay (Doc. No. 5) is GRANTED to the extent that the duty to indemnify issue is stayed until (1) there has been a determination that Central Mutual has no duty to defend the state court action; or (2) the state court action has concluded. The motion is DENIED to the extent that the issue as to Central Mutual's duty to defend will proceed. Central Mutual is directed to respond to Woodruff's complaint by March 19, 2012.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record